IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA YNIGUEZ,  )<br>  )<br>           Plaintiff,  )<br>    v.  )<br>  )<br>W. HARRIS G.S.C., INC., and NEOMA  )<br>BOWEN, and DOES 1-50, inclusive,  )<br>  )<br>           Defendants.  )<br>_____) | 1:11-CV-423  AWI JLT<br><br>ACKNOWLEDGMENT OF<br>BANKRUPTCY, ORDER<br>VACATING HEARING ON<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT, AND<br>ORDER TO DEMONSTRATE<br>STANDING |

    This employment discrimination case was removed from Kern County Superior Court on March 10, 2011.  The pre-trial conference is set for August 15, 2012, and trial is set for October 16, 2012,  On March 16, 2012, Defendant W. Harris GSC, Inc. filed a motion for summary judgment.  Hearing on this motion is set for April 23, 2012.

    On April 9, 2012, Plaintiff filed a request to continue the April 23, 2012, hearing date.  Plaintiff's counsel represents in this request that Plaintiff has filed Chapter 7 bankruptcy.  See Doc. No. 15.  According to Plaintiff's counsel, the bankruptcy trustee has indicated verbally that Plaintiff's counsel will be authorized to continue representing Yniguez in this matter.  See id.  However, as of April 9, 2012, the trustee has not issued a formal written order or authorization.  See id.  Plaintiff asks that the Court move the hearing on Defendant's motion for summary judgement by at least two weeks.  See id.

    The automatic bankruptcy stay applies to actions "brought against the debtor."  11 U.S.C. § 362(a).  The automatic stay provisions do not apply to lawsuits brought by the debtor.  See

Snavely v. Miller, 397 F.3d 726, 729 (9th Cir. 2005); Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989); Cobb v. Aurora Loan Servs., 408 B.R. 351, 355 (E.D. Cal. 2009).  Since Plaintiff initiated this lawsuit prior to filing bankruptcy, this case is not subject to the automatic stay.  See id.

However, once a person files for bankruptcy, a bankruptcy estate is created and that estate includes causes of action that accrued prior to the filing of bankruptcy.  See De Pomar v. Equifirst Corp., 2010 U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010); Runaj v. Wells Fargo Bank, 667 F.Supp.2d 1199, 1206 (S.D. Cal. 2009); Basilio v. TDR Servicing, 2009 U.S. Dist. LEXIS 120583 (E.D. Cal. Dec. 29, 2009); Cobb, 408 B.R. at 354; Hernandez v. Downey Sav. & Loan Ass'n, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009).  The bankruptcy trustee becomes the real party in interest with respect to the bankruptcy estate assets.  See id.; Griffin v. Allstate Ins. Co., 920 F.Supp. 127, 130 (C.D. Cal. 1996).  Thus, a Chapter 7 bankruptcy debtor may not prosecute a cause of action that belongs to the bankruptcy estate absent a showing that the claims are exempt from the bankruptcy estate or the claims have been abandoned by the bankruptcy trustee.  See Runaj, 667 F.Supp.2d at 1206; Cobb, 408 B.R. at 354; Rowland v. Novus Fin. Corp., 949 F.Supp. 1447, 1453-54 (D. Haw. 1996).  Here, since the claims in this case accrued prior to Plaintiff filing for bankruptcy, it appears that she is no longer the real party in interest and lacks standing to pursue this lawsuit.

In light of Plaintiff filing for bankruptcy and Plaintiff's counsel's representations regarding the bankruptcy trustee, the Court believes that it is appropriate to vacate the April 23, 2012, hearing.  The Court will order Plaintiff to show either: that the Trustee will substitute or ratify this lawsuit pursuant to Federal Rule of Civil Procedure 17(a)(3), that the lawsuit is exempt from the bankruptcy estate, or that this lawsuit has been abandoned by the Trustee.  See De Pomar, 2010 U.S. Dist. LEXIS 143216 at **13-14; Runaj, 667 F.Supp.2d at 1206-07, 1210; Rowland, 949 F.Supp. at 1453-54, 1461.  If Plaintiff can make such a showing, the Court will set a new hearing date for Defendant's summary judgment motion, including a new date for Plaintiff to file an opposition.  If Plaintiff is unable to make an appropriate showing, the case will be dismissed due to lack of standing.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 23, 2012, hearing on Defendant's motion for summary judgment is VACATED;
2. No later than 1:00 p.m. on May 2, 2012, either:
   a. A notice shall be filed with the Court of the bankruptcy trustee's ratification, joinder, or substitution pursuant to Rule 17(a)(3); or
   b. Plaintiff shall file a memorandum, supported by appropriate evidence, that demonstrates that this lawsuit is either exempt or abandoned by the Trustee; and
3. The failure to abide by the deadline in this order will result in the dismissal of the entire action without further notice.

IT IS SO ORDERED.

Dated:  April 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE